**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 24-29-1** |
| | : | |
| **KHALIL DICKENS** | : | |

**MEMORANDUM**

**KENNEY, J.** **NOVEMBER 23, 2026**

Before the Court is Defendant Khalil Dickens' *pro se* Motion to Extend Deadline for 60 Days for Filing of 28 U.S.C. § 2255 (the "Defendant's Motion"). *See* ECF No. 66. For the reasons set forth below, the Court will **DENY** Defendant's Motion (ECF No. 66) because he has not demonstrated that equitable tolling is warranted at this time.

## I. BACKGROUND

On July 24, 2025, Defendant appeared before this Court and pled guilty to Counts One, Two, and Four through Thirteen of the Indictment, which charged him with various crimes arising from his engagement in a conspiracy to commit gunpoint carjackings in Philadelphia. *See* ECF Nos. 1, 46–48. On November 25, 2025, Defendant was sentenced to a total of 300 months' imprisonment and was ordered to pay a total of $52,763.00 in restitution, in addition to a $1,200.00 special assessment. *See* ECF No. 58 at 3, 7. A Judgment reflecting that sentence was entered the following day. *Id.* On December 5, 2025, the parties jointly requested that the Judgment be corrected to reduce the amount of restitution owed by Defendant by $500.00. *See* ECF No. 59 at 2. After granting the parties' joint motion, on December 9, 2025, the Court issued an Amended Judgment pursuant to Federal Rule of Criminal Procedure ("Rule") 35(a). *See* ECF Nos. 60–61. The Amended Judgment reduced the amount of restitution owed by Defendant to $52,263.00, *see* ECF No. 61 at 7; all other aspects of Defendant's Judgment remained the same. *Compare* ECF

No. 58, *with* ECF No. 61. The docket reflects that Defendant did not file a direct appeal of his conviction and sentence.

On November 20, 2026, Defendant filed the instant *pro se* Motion, seeking to extend his deadline to file a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 by sixty days. *See* ECF No. 66 at 1–2. In support of his Motion, Defendant states that he entered the Federal Bureau of Prisons' custody in January 2026 and was initially designated to the Special Housing Unit ("SHU") at FCI Raybrook in New York. *Id.* at 2. He was then moved to the SHU at FCI Gilmer in West Virginia in February 2026 and spent three months there. *Id.* During the approximately five months that he was in the SHU at these two locations, he claims that he did not have access to "his legal papers, . . . research time, or adequate writing materials[,]" which "severely prevented [him] from preparing his 28 U.S.C. § 2255." *Id.* Defendant further states that he "did not arrive at USP Hazelton until October 27[], 2026" and, in total, he "was deprived of nearly 6 months" of time to prepare his § 2255 motion. *Id.*

Defendant's Motion is before the Court.[1]

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a strict one-year statutory deadline for filing a § 2255 motion to vacate, set aside, or correct a sentence. *See* 28 U.S.C. § 2255(f). This one-year limitations period begins to run "from the latest of" a series of events, including, as relevant here, "the date on which the judgment of conviction becomes

[1] The Court has jurisdiction to address Defendant's Motion, even though he has not yet moved for relief under § 2255. *See United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) ("[A] district court has subject matter jurisdiction to rule on a § 2255 motion for an extension of time before the substantive motion for relief is actually filed.").

final[.]" *Id.* § 2255(f)(1).[2] A defendant must file a notice of appeal of a criminal judgment within fourteen days after the judgment is entered. *See* Fed. R. App. P. 4(b)(1)(A). "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired." *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).

Under narrow circumstances, a district court may equitably toll a defendant's time to file a § 2255 motion. *See Thomas*, 713 F.3d at 174. "There are no bright-line rules for determining when extra time should be permitted in a particular case . . . [and] the unique circumstances of each defendant seeking § 2255 relief" should be considered. *Id.* (citations omitted). However, the Third Circuit has cautioned that "[c]ourts should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the 'principles of equity would make the rigid application of a limitation period unfair.'" *Id.* (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Specifically, the United States Supreme Court has found that "equity permits extending the statutory time limit when a defendant shows that (1) 'he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "Mere excusable neglect" does not suffice for extending the statutory time limit. *Id.*

*Thomas* is particularly instructive here because the Court faces an analogous situation. *Id.* at 174–75. In *Thomas*, the defendant sought additional time to file a § 2255 motion on the basis that he "was temporarily transferred to state custody" during his one-year limitations period and could not adequately prepare his § 2255 motion because he did not have access to "legal materials

[2] AEDPA provides for three other dates from which the one-year limitations period may start to run. *See* 28 U.S.C. § 2255(f)(2)–(4). However, it is not clear whether any of those circumstances will be applicable based on the present Motion.

. . . for over 120-days during" that period. *Id.* at 167. The district court denied Thomas' request for an extension of time to file a § 2255 motion, finding that he did not "demonstrate why the one (1) year period of limitation should not apply under 28 U.S.C. § 2255(f)." *Id.* (internal quotations and citation omitted). On appeal, the Third Circuit affirmed the district court's decision. *Id.* at 175. In doing so, the Third Circuit explained that Thomas had "failed to show that he diligently pursued his rights and that he was beleaguered by an extraordinary circumstance." *Id.* at 174. Although he spent time in state custody, he "was in federal custody with access to legal materials for approximately nine months, including almost seven weeks leading up to the expiration of his limitations period." *Id.* Thomas also failed to "explain the necessity of the materials he claim[ed] he was deprived of." *Id.* Moreover, while his temporary "transfer to state custody may have made it more difficult to file a timely § 2255 motion, increased difficulty does not, by itself, satisfy the required showing of extraordinary circumstances." *Id.* at 174–75 (collecting cases). Accordingly, Thomas failed to meet the standard for equitable tolling. *Id.*

Here, Defendant has not adequately demonstrated that an extension of his deadline to file a § 2255 motion is warranted based on extraordinary circumstances. Although Defendant represents that he lacked access to "his legal papers," "research time," and "adequate writing materials" for nearly six months, he has had at least six other months to prepare his § 2255 motion. *See* ECF No. 66 at 2. Defendant does not explain in any detail how his purported lack of access has hindered him, nor does Defendant "explain the necessity of the materials" he purportedly was deprived of. *Thomas*, 713 F.3d at 174. In addition, as in *Thomas*, Defendant's purported lack of access occurred toward the beginning of his one-year limitations period while he was designated to the SHU at FCI Raybrook and Gilmer, rather than in the "weeks leading up to the expiration of his limitations period." *See id.*; *see also* ECF No. 66 at 2. Indeed, the docket reflects that

Defendant has been able to communicate with the Court since at least July 2026. *See* ECF Nos. 62–63. The difficulties that Defendant may have faced in preparing a § 2255 motion during his first few months of imprisonment, standing alone, are not sufficient to qualify as an extraordinary circumstance. *See Thomas*, 713 F.3d at 174–75; *Jones v. United States*, No. 14-cv-4655, 2017 WL 4235736, at *3 (D.N.J. Sept. 25, 2017) ("[T]he difficulties of prison life like transfers . . . do not qualify as extraordinary circumstances warranting equitable tolling." (collecting cases)). Finally, Defendant's deadline to timely file a § 2255 motion has not yet expired, and he has not explained what, if anything, will prevent him from timely filing a motion within the limited time that he has remaining. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003) (finding that equitable tolling was not warranted where the defendant had almost one month left within the limitations period to "file at least a basic pro se habeas petition").

Accordingly, the Court will deny Defendant's Motion because he has not carried his burden of showing that the principles of equity weigh in favor of relief. *See United States v. Gibbons*, No. 16-cr-37, 2026 WL 1683920, at *3 (W.D. Pa. June 10, 2026) (denying a motion for an extension of time to file a § 2255 motion in part because the defendant's lack of legal training and "limited law library access [did] not constitute extraordinary circumstances" (collecting cases)); *United States v. Johnman*, No. 17-cr-245, 2022 WL 125908, at *2 (E.D. Pa. Jan. 12, 2022) (denying a motion for an extension of time to file a § 2255 motion where the defendant had "at most shown that his transfer to a new federal prison made it harder for him to file his Section 2255 motion[,]" which was "insufficient to carry his burden").

## III. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion (ECF No. 66). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**